## SETH P. BLISS RESPONDENT, v. PETER MISNER.
### APPELLANT. •

*Fixtures — Personal property — how title to, transferred — Merger.*

Where real and personal estate are sold together at auction, a subsequent written contract of sale of the real property, not mentioning the personal, presents no question of merger or estoppel.

On payment of the purchase-price the title to personal property passes.

THIS action was brought to recover the possession of personal property, consisting of saws, belting and machinery, previously attached to, and used in a saw-mill. They were detached from the mill by the owner, and removed to the defendant's house, and there stored. The mill property was subsequently sold at auction, and the plaintiff claims that the property which had been thus used with the mill, and as fixtures thereof, were at the same time sold. A written contract of sale of the real estate, was executed some days after the auction sale.

The plaintiff purchased the property at the sale, and paid his bid upon the purchase, and subsequently demanded the property of the defendant; and, delivery thereof being refused, brought this action and recovered at the circuit; and, judgment having been entered up upon said verdict, the defendant appeals to this court.

*Nichols & Allen,* for the appellant.

*Geo. Wadsworth,* for the respondent.

E. DARWIN SMITH, J. :

The exception to the refusal of the circuit judge to nonsuit the plaintiff, is not well taken. The appeal comes before us, as upon a bill of exceptions strictly, and the evidence not being contained in the bill, we cannot determine that the nonsuit was improperly refused. The disconnection and removal of the saws, belting and other articles from the saw-mill, changed their character from fixtures to personal property, which could be sold and transferred by parol.

The question litigated at the trial, was, whether these articles

were in fact sold as personal property, upon and with the sale at auction of the real estate. The circuit judge fairly submitted this question to the jury as a question of fact, and their verdict settles the fact in the plaintiff's favor.

The written contract of sale of the real estate, executed some twenty days after the auction sale, presented no question of merger or estoppel, and the decision of the circuit judge was correct upon that point. This contract was simply an element of evidence for the jury, but not conclusive. It required no written contract to sell personal property. The payment of the price bid, completed the sale and passed the title of such property to the plaintiff, if it was really embraced within the sale. No error, we think, was committed in the rulings of the judge at the circuit, and the judgment should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.